## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

KEVIN M. JONES,

                            Petitioner,

            v.                              CASE NO.  05-3182-RDR

E.J. GALLEGOS,

                            Respondent.


### O R D E R

This matter is before the court on a pro se petition for writ of habeas corpus under 28 U.S.C. 2241, filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas.

Petitioner seeks relief for alleged constitutional error in his conviction in the United States District Court for the District of Nebraska on 1997 criminal charges.  Petitioner states he pursued relief, without success, through a motion filed under 28 U.S.C. 2255, and an appeal therefrom.

By an order dated April 29, 2005, the court found relief on petitioner's claims must be pursued through a motion filed under 28 U.S.C. 2255 in the Eastern District of Missouri, and directed petitioner to show cause why this action should not be dismissed because this court lacked jurisdiction under 28 U.S.C. 2241 to consider petitioner's claims.  *See* <u>Williams v. United States</u>, 323 F.2d 672, 673 (10th Cir. 1963)(habeas corpus petition under 28 U.S.C. 2241 is not intended as additional, alternative, or supplemental remedy to that afforded by 28 U.S.C. 2255; section

2255 remedy "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention"), *cert. denied*, 377 U.S. 980 (1964).  In response, petitioner argues the remedy under 2255 was rendered ineffective and inadequate when the sentencing court failed to consider the merits of petitioner's claims.

It is well recognized, however, that the failure to obtain relief under 28 U.S.C. 2255, either in the sentencing court or on appeal from the denial of relief, does not establish the remedy under section 2255 is ineffective or inadequate.  Id.  Petitioner cannot use 28 U.S.C. 2241 to circumvent section 2255 and restrictions imposed by the Antiterrorism and Effective Death Penalty Act in April 1996 on the filing of a second or successive petition under 28 U.S.C. 2255.

Accordingly, because petitioner has not established this court's jurisdiction to consider petitioner's claims under 28 U.S.C. 2241, the court concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that the petition for relief under 28 U.S.C. 2241 is dismissed for lack of jurisdiction.

DATED:  This 21st day of June 2005, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge